UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD KEITH MAUZEY,  No. C 08-847 MHP (pr)

    Petitioner,  **ORDER TO SHOW CAUSE**

    v.

BEN CURRY, warden,

    Respondent.
                                        /

## INTRODUCTION

Ronald Keith Mauzey, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

Mauzey states in his petition that he was convicted in Riverside County Superior Court of conspiracy to commit murder and was sentenced in 1993 to a term of 25 years to life in prison (although the attachments to the petition suggest Mauzey also was convicted of additional crimes and that the conviction occurred in 1983). His petition does not challenge his conviction but instead challenges a May 4, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. The exhibits to the petition indicate that Mauzey filed a habeas petition in the Riverside County Superior Court, a habeas petition in the California Court of Appeal, and a petition for review in the California Supreme Court before

filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Mauzey alleges in his petition that the BPH's decision violated his right to due process because it was not supported by some evidence and was made in continued reliance on the commitment offense. Liberally construed, the allegations present a cognizable claim for a due process violation based on insufficiency of the evidence. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 25, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously

transcribed and that are relevant to a determination of the issues presented by the petition.

    4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 29, 2008**.

    5.    The answer and memorandum in support of the answer may not exceed a combined total of 25 pages in length. The traverse and memorandum in support of the traverse may not exceed a combined total of 15 pages in length.

    6.    Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7.    The <u>in forma pauperis</u> application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

DATED: May 9, 2008

Marilyn Hall Patel
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD KEITH MAUZEY,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-00847 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald K. Mauzey C-61868
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: May 9, 2008

                                        Richard W. Wieking, Clerk
                                        By: Anthony Bowser, Deputy Clerk